FILED 9/12/2014 11 01 33 AM
SHERRI ADELSTEIN
Denton County District Clerk
By Shelley Mccutcheon Deputy

Cause No. 14-07262-431

| | |
|---|---|
| *In Re* ARSENAL MINERALS AND ROYALTY; | IN THE      JUDICIAL DISTRICT |
| THE CHANDLER DAVIS TRUST, | |
| LESLEE ANN GASSAWAY DAVIS, | |
| TRUSTEE, JOINED HEREIN BY | |
| NASA ENERGY CORP. | |
| v. | COURT OF |
| THE CITY OF DENTON, TEXAS | DENTON COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION
## REQUEST FOR DISCLOSURE

**TO THE HONORABLE PRESIDING JUDGE:**

COMES NOW, ARSENAL MINERALS AND ROYALTY, the CHANDLER DAVIS TRUST, Leslee Ann Gassaway Davis, Trustee, joined herein by NASA ENERGY CORP. and request disclosure of the following from Defendant, the City of Denton, a Texas Municipality governed by the provisions of the Texas Private Real Property Rights Preservation Act, "the Act", Texas Government Code, Section 2007.001 *et seq.*, the City

of Denton is a governmental entity required to prepare a Takings Impact Assessment (TIA), such written assessment or report prepared in contemplation of taking actions by ordinance which the entity or subdivision knew or should have known would result in a taking of real property, mineral rights, surface or water rights and other property rights protected by statute. Plaintiffs request remedies for failure to produce such (TIA) as provided by Government Code 2007.003(a)1 to3 and regarding (TIA) findings for both extra-territorial impact and the damage within the municipal city limits.

## RETENTION NOTICE

**Pursuant to Texas Administrative Code, Title 13, Chapter 6, Section 6.10**
**" Caution"**

*"A state record whose retention period has expired may not be destroyed if any litigation, claim, negotiation, audit, public information request, administrative review, or other action involving the record is initiated ... ".* Plaintiffs specifically request **retention** of all electronic records, paper files, notes, strategies, emails and council deliberations, either in closed or open session, all videography and meetings records, all drafts and amendments regarding certain ordinances as attached. See, Public Records Request and (TIP) Request.

## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 2 of the TRCP, Rule 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process located in TRCP, Rule 169, because plaintiffs request relief in damages for over $1,000,000.00 (One Million Dollars).

2.      If it is found that a (TIA) has not been conducted prior to enactment of the

Amended Original Petition and Request for Disclosure

ordinance or ordinances challenged, Plaintiffs require a declaration that the subject

challenged action or actions, procedures and policies are void and invalid as a matter of

law. Plaintiffs request removal of such ordinances from the records of such ordinances

maintained and noticed by the City of Denton.

## B. Parties

3.      The plaintiffs own property within the extra-territorial jurisdiction, abutting

the extra-territorial jurisdiction or within the City Limits of Denton, Texas. They may be

served with service of process by serving Charles Chandler Davis, 6900 FM 1830

Argyle, Texas 76226. See, Property Descriptions.

4.      The Defendant is a municipality authorized as a home rule city of the

State of Texas and may be served with citation by service upon the Honorable

Jennifer Walters,  City Secretary of the City of Denton , Texas at 215 E. McKinney

Denton, Texas 76201.

## C. Jurisdiction and Venue

5.      Both jurisdiction and venue are appropriate in the District Courts of Denton

County,  Texas.

## D.   Factual Summary

6.      The City of Denton has allowed applications, site plans, drilling permits, gas

well development plats, plat amendments, hydrocarbon production, storage, reworking

transportation, sale, enhancement and stimulation of private vested mineral rights,

water rights and surface usages subject to the requirements and promulgated rules and

regulations of the State of Texas. Such development and production is further regulated

by the Natural Resource Code, Texas Water Quality Board and Texas Railroad

Commission.

Amended Original Petition and Request for Disclosure

7.      The City of Denton has introduced certain retroactive requirements regarding hydrocarbon production within its extra-territorial jurisdiction, and on properties abutting its extra territorial jurisdiction. Commencing in 2012 the City began enacting expansive, ambiguous and generic drilling bans and so called temporary moratoriums. These ordinances were held out to be focused on certain production procedures, but function  as a complete drilling and completion ban on over 480 licensed producing properties and gas well developments licensed and operating in the City.

8.      The continuing deprivation, destruction and pernicious attack on vested real property rights, mineral rights and the exaction of prohibited bounties from property owners both within and without the actual municipal limits of the City of Denton, has compromised legal relationships and private contracts. The council has just renewed and directed the City Manager to enforce such invidious and unconstitutional municipal rules, regulations and ordinances. See, attached exemplars .

### E. Inverse Condemnation

9.      The City of Denton has taken, exacted, damaged and degraded private property rights, including but not limited to mineral rights, water rights, surface use rights, vested development and production rights and civil and constitutional rights guaranteed by the Constitution of the State of Texas. This is accomplished by direct restriction of pendant regulations on property owners, development plats of operators and taking, damaging and destroying the value of the subject properties.

This invasion of and impairment of the sanctity of private contracts, leasing, producing and maintaining the production of hydrocarbons in paying quantities has been unprecedented in the State of Texas. We are witnessing a political subdivision of the State of Texas denying  already permitted development to vested rights holders,

including property owners in the guise of a temporary moratorium. This conduct is prohibited by Article 1, Section 16, Texas Constitution.

### F.  Retroactive Application

10.  The City of Denton has taken, damaged or destroyed existing, licensed and approved gas well developments, both within its city limits and within and abutting the extra-territorial jurisdiction, as well as frozen any possibility of drilling on approved developments. Such unconstitutional conduct is at variance with established Texas law and the retroactive application prohibition of Article 1, Section 16 of the Texas Constitution. Texas takings claims are further governed by Article 1, Section 17 of the Texas Constitution.

*"Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contracts, shall be made."*

*" Sec. 17. No persons property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made..."*

### G.  Intentional Interference with Private Contract

11.  The City of Denton has intentionally impaired and usurped private contractual and development rights held since the inception of this state by the citizens of the State of Texas. The sanctity of such agreements are set out in our constitution and prior to that were part of the common law of Texas as a republic, and prior to becoming part of the United States of America. Article 1, Section 16(*supra*). See, *Eggemeyer v. Eggemeyer*, 554 S.W. 2nd 1379Tex. 1977); *Kopplow Development v. City of San Antonio*,

Amended Original Petition and Request for Disclosure

399 S.W. 3rd 532(Tex. 2013).

### H.  Texas Takings Act

12.       The City of Denton is a home rule city charged with the duties and powers of a sub-division of the State of Texas. The Government Code, Chapter 2007.001 *et seq.* covers governmental actions affecting private property rights as generally set out in the Private Real Property Rights Preservation Act, (the "Act").

All references to such rights rely upon the definitions included in the "Act". exaction and invasion are defined therein, and as alleged are tools used by the City of Denton to stifle, destroy, take, damage and impose significant restriction and burden upon private property owners. Among other remedies the "Act" allows the private property owner to bring suit and show that they are entitled to invalidation of the challenged governmental action.

13.       A takings impact assessment, as defined and promulgated by the Attorney General of the State of Texas, calls for public notice and access to same, and plaintiffs demand production of these documents. This suit requests, among other relief invalidation of void acts and ordinances enrolled and enacted by the City Council and enforced by the City Manager of the City of Denton. Please see attached Certified Request for such (TIA), filed on the 11th day of September 2014.

### I.  Election Code Violations

14.       The Election Code of the State of Texas prevents an election to be held the result of which would be to enact an illegal, unconstitutional or void statute, ordinance or

Amended Original Petition and Request for Disclosure

rule. An election cannot be used to ratify an illegal act, it cannot be maintained for an improper purpose, or as a political guise to deprive citizens of their civil rights.

An election shall not be promulgated for invidious discrimination or for the nullification of constitutionally protected and vested rights. It cannot be used to legally obscure, impair or destroy citizen held powers not delegated to government or to propagate, impose or nurture concepts inimical to the Texas way of life, as set out in our constitution , codes and common law. We respectfully request the City of Denton pull down this invitation to the voters to enact an unenforceable and invalid governmental fiat. The cost to taxpayers alone should mitigate towards caution.

### J. Declaratory Judgment

15.     *The Declaratory Judgment Act*, Texas Civil Practice and Remedies Code Chapter 37.001, et seq. allows for the legal analysis of instruments, including ordinances, which will clarify the relations of the parties. CPRC, 37.004a, provides under subject matter of relief the following:

> " *A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute, or municipal ordinance.........may have determined any question of construction or validity....and obtain a declaration of rights, status, or other legal relation thereunder"*

### K. U. S. Constitution

16.     The United States Constitution protects against takings in violation of the 5th Amendment to the Constitution. The invocation of the "due process" clause is appropriate in this matter, in that this protected right is enunciated in both the Texas and national constitution and may not be waived. Further, it is a model for substantive due process rights across the country, in civil matters.

The prohibition of takings without compensation or due process of law is

fundamental, threshold law and prohibits the following:

" ...*nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation.*"

No ordinance, enacted and enrolled, including one blessed by the voters can stand lest it conform to these requirements. These unjust enactments cannot be allowed to set aside the continuing bedrock principals of our democracy.

### L. Tax Payers

17.     Plaintiffs specifically plead for relief to which they are entitled to as property owners, developers and holders of vested real property and contractual rights. They also seek relief for all similarly situated property owners, developers and holders of vested rights. All taxpaying property owners and vested rights holders should have both standing and capacity to challenge the deprivation of rights within this ordinance.

### M. Damages

18.     Plaintiffs are entitled to damages for intentional conduct and for the grossly negligent violation of the respondents duties. We have not filed for damages from conduct which was merely negligent. See, *Tarrant Regional Water District v. Gragg*, 151 S.W. 3rd 546(Tex. 2004).

### N. Equitable Relief

19.     Plaintiffs request no equitable relief at this time, it is anticipated that such relief will be required to prevent or mitigate damages caused by respondent conduct.

### O. Questions of Law

20.     Plaintiff's make no jury demand at this time, and would show that the threshold questions are questions of law.

### P. Attorney Fees

Amended Original Petition and Request for Disclosure

21.    Plaintiffs are entitled to recover reasonable and necessary attorney fees, as allowed by law, and the "Act". See,  Texas Civil Practice and Remedies Code 37.001, *et seq.* and Government Code, 2007.001, *et seq.*

### Q. Objection

22.    Plaintiffs, object to the referral of this case to an associate judge for hearing on the merits, for injunctive or equitable relief or if same becomes necessary, for presiding at a jury trial.


### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request citation and after appearance and answer an initial hearing for  production into the court record of the **(TIP)** or lack thereof, and after this determination, we request judgment against the defendant for a declaration striking down the void and invalid scheme of regulation, rule and ordinance expressly and intentionally pursued by the City of Denton and for appropriate damages and attorney fees as allowed by law.


Respectfully submitted,


/s/  *Charles Chandler Davis*

Charles Chandler Davis
Counsel for Plaintiffs


6910 FM 1830 Argyle, Texas 76226

940.368.1865 charlie@arroyocoloradoenergy.com

SBN 05465900

Amended Original Petition and Request for Disclosure

## CERTIFICATE

"I, the undersigned plaintiff's counsel have on this the 12th day of September 2014, have filed this amended petition, sent notice of retention of records and request for disclosures without a conference with an attorney for the defendant, I have served a courtesy copy on the Secretary of the City of Denton, as the registered agent of process. I have requested citation and service by physical delivery to the City Secretary. I have filed a request for a takings assessment with the City of Denton and served one copy of the request upon the Honorable Greg Abbott, Attorney General of the State of Texas."

/s/ Charles Chandler Davis

_____

Charles Chandler Davis

Amended Original Petition and Request for Disclosure