FILED: 9/22/2014 4:48:28 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

Cause No. 14-07262-431

| | |
|---|---|
| *In Re* ARSENAL MINERALS AND ROYALTY THE CHANDLER DAVIS TRUST, LESLEE ANN GASSAWAY DAVIS, TRUSTEE, JOINED HEREIN BY NASA ENERGY CORP. | IN THE 431st JUDICIAL |
| v. | DISTRICT COURT OF |
| THE CITY OF DENTON, TEXAS | DENTON COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL PETITION**

**REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JONATHAN BAILEY, PRESIDING:**

**COMES NOW,** ARSENAL MINERALS and ROYALTY, the Chandler Davis Trust, Leslee Ann Gassaway Davis, Trustee, joined herein by NASA Energy Corp. and file this their First Amended and Supplemental Petition and Request for Disclosure from Defendant , the City of Denton, a Texas Municipality governed by the provisions of the Texas Private Real Property Rights Preservation Act, the "Act", Texas Government

Code, Section 2007.001, et seq., the City of Denton is a governmental entity required to prepare a "Takings Impact Assessment"(TIA), such written assessment or report must be prepared in contemplation of taking actions by ordinance which the entity knew or should have known would result in a taking of real property, mineral rights, surface or water rights protected by statute. Plaintiffs request remedies for failure to produce such (TIA) as provided by Government Code 2007.003(a)1 to 3, and regarding (TIA) findings for activities within the extra-territorial jurisdiction, and within the municipal city limits of the City of Denton, Texas. A request for the dissemination, examination and production of such (TIA) was filed with the City of Denton on the 11th day of September 2014. This civil action was filed on September 12, 2014.

**Retention Notice**

**Pursuant to Texas Administrative Code, Title 13, Chapter 6, Section 6.10**

**"Caution"**

*" A state record whose retention period has expired may not be destroyed if any litigation, claim, negotiation, audit, public information request, administrative review, or other action involving the record is initiated..."*

Plaintiffs specifically request retention of all electronic records, paper files, notes, strategies, emails and Council deliberations, either in closed or open session, all videography and meetings, minutes, all drafts and amendments and all edited or suggested additions or extractions, regarding the subject (TIA) and records request.

**Discovery Control Plan**

1. Plaintiffs intend to conduct discovery under level 2 of the TRCP, Rule 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process located in TRCP, Rule 169, because plaintiffs request significant damages and relief which is within the jurisdictional limits of this court and is expected to

exceed $ 1,250,000.00 (One Million Two Hundred Fifty Thousand Dollars).

**Takings Impact Assessment**

2. If it is found that a (TIA) has not been conducted prior to the enactment of the challenged ordinances which contain the so called "Moratorium", with amendments and addendums, then Plaintiff requests a hearing to declare the challenged policies and procedures invalid and void as a matter of law. Plaintiffs intend to request removal of such ordinances as enrolled ordinances maintained and enforced by the City of Denton, its staff, employees and agents.

**B. Parties**

3. The plaintiffs own property within the –extra territorial jurisdiction, abutting the extra territorial jurisdiction or within the City limits of the City of Denton, Texas. They may be served with citation by serving Charles Chandler Davis, 6900 FM 1830 Argyle, Texas 76226. The property is described and set out by Metes and bounds and attached to and incorporated herein, for all purposes.
The Defendant is a municipality authorized as a home rule city of the State of Texas and may be served with citation by service upon the Honorable Jennifer Walters, City Secretary of the City of Denton, Texas at 215 E. McKinney Denton, Texas 76201.

**C. Jurisdiction and Venue**

4. Both jurisdiction and venue are appropriate within the District Courts of Denton County, Texas.

**D. Factual Summary**

5. Commencing in the early years of the 21st century, the City of Denton established a regime which allowed for reasonable and efficient use of real property with appropriate and constitutional regulation. This regulatory format allowed

applications, site plans, drilling permits, gas well development plats, plat amendments, hydrocarbon production, storage, reworking, transportation, sale enhancement and stimulation of private vested mineral rights. The State of Texas is the ultimate arbiter of development, spacing, drilling and production of all hydrocarbons in the state. There exist other state agencies which protect ground water, air quality and regulate associated issues involving production of hydrocarbons, use of water, surface rights and prohibited activities.

**Municipal Ordinances**

**6.** The City of Denton has introduced retroactive requirements which purport to impact and effect hydrocarbon production which has already been approved, licensed and platted into the City of Denton. This ban purportedly extends to the already drilled wells within the extra-territorial jurisdiction.

These expansive, ambiguous and generic drilling bans and so called *"temporary moratoriums"* are the subject of this civil action. These ordinances were held out as focused on certain production procedures, but they function as a complete drilling and completion ban on over 480 licensed producing well properties and gas well developments licensed and operating in the City of Denton and its surroundings. We challenge both the applicability of such regulation under Texas law and the coercive enforcement of such a draconian enactment.

The continuing deprivation, destruction and pernicious attack on vested real property rights, mineral rights and the exaction of prohibited bounties from property owners both within the actual city limits of the City of Denton, has compromised legal relationships and private contracts. It further impacts future rights in a manner that does not comport with the reasonable use of municipal police powers. On September

09, 2014 the city council renewed the offensive ordinances. We have attached all exemplars of these invidious and unconstitutional municipal rules, regulations and ordinances. Including the latest in a long string of erroroneous instruments, entitled Ordinance No. 2014-276.

**The "Act"**

7. The *Private Real Property Rights Preservation Act* represents a basic charter for the protection of property rights for individual owners in the State of Texas. "Section 2007.002(4)of the "Act" defines such interest as;

*" Private real property" means an interest in real property recognized by common law, including groundwater or surface water rights of any kind, that is not owned by the federal government, this state or a political subdivision of this state."*

*"The failure of a governmental entity to promulgate a (TIA) when one is required will subject the entity to a lawsuit to invalidate the governmental action." Section 2007.044 of the "Act".*

## THIS CIVIL ACTION IS A SUIT FOR DECLARATION OF INVALIDATION OF OFFENSIVE ORDINANCES

---

8. The City of Denton has taken, exacted, damaged and degraded private property rights, including but not limited to mineral rights, water rights, surface use rights, vested development and production rights and civil and constitutional rights guaranteed by the Constitution of the State of Texas. This is accomplished by the direct restriction of pendant regulations on property owners, development plats of operators and taking, damaging and destroying the value of the subject properties.

This invasion of and impairment of the sanctity of contracts, leasing rights, production and maintenance of the production and sale of hydrocarbons in paying





quantities is unprecedented in the State of Texas. Such conduct is prohibited by Article 1, Sections 16, 17 of the Texas Constitution. In their rush to retroactively apply these prohibited actions and to interfere with legitimate protected exercise of citizen rights, they have violated the common law, the statutes and the constitution, in this respect this civil action is an action to exercise the rights of free citizens to access to the courts to seek and to have declared such violations void. The presumptuous freeze on drilling and arrogant and intentional interference with private contracts has a chilling effect on citizens, and has denied due process of law.

**Statutory Prohibition**

**9.** We have discussed the definitions of the Texas Takings Act and believe that the City of Denton is a home rule city charged with the duties and powers of that subdivision of the State of Texas. Government Code, Chapter 2007.001, et seq. covers such governmental actions in addition to the common law and the Constitution. Therefore, the scope of this action is applicable to the City of Denton.

All references to such rights rely upon the definitions included in the *"Act"*, including exaction and physical invasion as defined therein. These tools are alleged to be used by the City of Denton to stifle, destroy, take, damage and impose significant restriction and burdens on private property owners. See, Attorney General Notice.

Plaintiffs respectfully request immediate access to the required (TIA), as defined and promulgated by the Attorney General Notice. We have filed as a separate instrument a certified request for specific public records. We have attached same to this suit for invalidation. Attorney General Notice attached hereto and incorporated herewith.

**Election Code Violations**

**10.** The Election Code of the State of Texas governs and prevents an election to be

held the result of such an election would be to enact a void, illegal or unconstitutional ordinance. The State of Texas has a significant interest in protecting the citizens of this state from the use of an improper electoral process as political guise to prohibit and deprive citizens of their constitutional rights. An election may not be used to legally obscure, impair or destroy citizen held powers, which are not delegated to government or to propagate, impose or nurture concepts inimical to the Texas way of life, as set out in our constitution, codes or common law. We respectfully request that the City of Denton pull down this invitation to the voters to enact an unenforceable, invalid and void action of governmental fiat and request that the City consider the costs of such an illegal action.

**Declaratory Judgment**

**11.** The Declaratory Judgment Act, *Texas Civil Practice and Remedies Code*, Chapter 37.001, et seq. allows for the legal analysis of instruments, including ordinances, which will clarify the relations of the parties. CPRC, 37.004a, provides under the subject matter of relief the following:

*" A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status or other legal relations are affected by a statute or municipal ordinance…….may have any question of construction or validity… and obtain a declaration of fights, status or other legal relation thereunder".*

**U.S. Constitution**

**12.** In addition to the Texas Constitution, the United States Constitution protects against takings in violation of the 5th amendment. The invocation of the "due process" clause is appropriate in this matter. It states that a procedure which contains substantive due process cannot be waived, even in civil property matters. The

prohibition against takings without compensation or due process of law is fundamental, threshold law and specifically prohibits the following:

*" nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation"*

No ordinance, enacted or enrolled, including one blessed by the voters can stand lest it conform to these requirements. These unjust enactments cannot be allowed to set aside for municipal convenience the bedrock principals of our democracy.

**Tax Payers**

13. Taxpayers are governed by the Texas Property Code and Texas Tax Code. This suit is requesting relief for all taxpayers who will have to pay for the void conduct of the City of Denton. Plaintiffs specifically plead for relief to which tax payers, property owners, developers and holders of vested real property and contractual rights. Plaintiffs seek to create a class of all similarly situated property owners, developers and holders of vested rights. These citizens have both standing and capacity to challenge the deprivation of rights within this ordinance.

**Damages**

**14.** Plaintiffs are entitled to damages for violation of duties owed to property owners impacted by City of Denton Ordinances, including property owners in the extra-territorial jurisdiction and those adjacent to such jurisdiction. There is no pleading for negligent conduct on the part of the City of Denton, its agents, employees or managers, but our claims reach all intentional or grossly negligent conduct which has resulted as the proximate and producing cause of damage to plaintiffs.

**Equitable Relief**





Plaintiffs have not requested equitable relief, at this time, it is anticipated that such relief will be required to prevent or to mitigate damages caused by respondent conduct.

**Questions of Law**

**16.** Construction of ordinances, and determination of void instruments are a question of law and no jury is demanded at this time. The threshold issues appear to be all questions of law.

**Objection**

**17.** Plaintiffs, object to the referral of this case to an associate judge for hearing on the merits, for injunctive or equitable relief or if same becomes necessary for presiding at a jury trial. However, Plaintiffs do not object to judicial inquiry into an appointed master well versed into property and oil and gas law, to report to the judge and to submit for approval actions to be taken in furtherance of the statutes and the Texas Constitution.

**Preemption**

**18.** Plaintiffs, have briefed the state regulatory structure, regarding the production, operation, sales and storage of hydrocarbons and requests declarations of preemption. Preemption is defined as the prohibition of an enactment or ordinance by a municipality which either violates or seeks to usurp the primacy of the constitution, the statutes or the rules and regulations of the State of Texas.

There is clear and convincing evidence that the City of Denton cannot circumvent the policies and objectives of this state by merely passing a prescriptive set of proclamations ostensibly for the public good. Neither can they convert legal actions illegal by decree. There can be no draconian generalized condemnation of vested property rights, permits granted and contracts awarded.





The Texas Railroad Commission is charged under the Natural Resources Code with permitting the drilling and production of oil and gas wells, It cannot seriously be disputed that the state has a significant interest in regulation of this industry. Indeed, it cannot be seriously argued that such interest preempts the city from enacting ordinances which attempt to stand state law on its head. We ask for and respectfully request judicial review of the ordinances and the scheduled vote of this city. We submit as an analogy only, and for judicial consideration, the following scenario:

*" The City of Denton passed an ordinance allowing the production and sale of marijuana within the City limits and extra-territorial jurisdiction or approved a binding resolution allowing such sale and production to the voters for their considered approval. Does the state have a significant interest in compelling the City to refrain from promulgating void or illegal acts by either local initiative or putative ordinance?"*

This issue confronts us today, the city plebiscite is a direct invitation to vacate state law, and the voters of Denton may not be used to bless a prohibited policy and thwart the protections of our law.

**Prayer**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request citation, and after appearance and answer, an initial hearing for disclosure of unproduced documents into the court record of the **(TIA)** or lack thereof, and after this determination, we request judgment against the respondent for a judicial declaration, striking down the void and invalid scheme of regulation, rules and ordinance expressly and intentionally pursued by the City of Denton and for those appropriate damages and attorney fees as allowed

by law.

Respectfully submitted,

Charles Chandler Davis

SBN 05465900

940.368.1865 charlie@arroyocoloradoenergy.com

6910 FM 1830 Argyle, Texas 76226

**CERTIFICATE**

I, Charles Chandler Davis have filed on the 22nd day of September a First Amended and Supplement Petition and am attempting to hand deliver same to the City Attorney of the City of Denton. I have not heard from an attorney of record, and this notice is required by the local rules. I have not conferenced with any counsel for respondent and I have not discussed a request that a Master be appointed.

# NOTICE OF LIS PENDENS