# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| In Re ARSENAL MINERALS AND ROYALTY; THE CHANDLER DAVIS TRUST, LESLEE ANN GASSAWAY DAVIS, TRUSTEE, JOINED HEREIN BY NASA ENERGY CORP. | § § § § § § | |
| v. | § § | Case No. 4:14-CV-639 Judge Mazzant |
| THE CITY OF DENTON | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion to Remand (Dkt. #9). Having considered the relevant pleadings, the Court is of the opinion that Plaintiffs' motion should be denied.

Plaintiffs filed suit in the 431st Judicial District Court of Denton County, Texas, in Cause No. 14-07262-431 on September 12, 2014. On October 3, 2014, Defendant filed a Notice of Removal on the grounds of federal question jurisdiction. On October 30, 2014, Plaintiffs filed a motion to remand, arguing that there is no federal claim because the Court lacks jurisdiction over the federal takings claim (Dkt. #9). November 12, 2014, Defendant filed a response (Dkt. #11) and Defendant's Supplemental Notice Clarifying Grounds for Removal Jurisdiction (Dkt. #12). No reply was filed by Plaintiffs.

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir.1989). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th

Cir.1997). Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F.3d at 921-22.

A state court lawsuit is removable to federal court if it includes a claim arising under federal law. 28 U.S.C. §§ 1441 and 1331. Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well pleaded complaint rule, federal question jurisdiction depends on whether "there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (citation omitted). "It is well settled that the party who brings the suit is the master of what law he will rely upon." *Id.*

Where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392; *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "Where, however, the plaintiff's well-pleaded complaint establishes that federal law creates the cause of action, the case arises under federal law, conferring jurisdiction on the federal courts." *Payton v. GC Services Ltd. Partnership*, Civil Action No. 3:08-CV-1967-G, 2009 WL 235196, at *2-3 (N.D. Tex. Feb. 2, 2009). Once the Court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, ... even if it dismisses or otherwise disposes of the federal claim or claims." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).

Even though a federal claim is available to a plaintiff, if that plaintiff chooses not to assert

that federal claim, then the defendant generally cannot remove the claim to federal court on the basis of a possible asserted claim or a possible federal defense. *Carpenter*, 44 F.3d at 366. Two limited exceptions to this rule exist. One involves the total preemption of state law by federal law and the second involves a situation where a plaintiff does not have a legitimate state law claim, but only a viable federal law claim. *Baron*, 7 F. Supp. 2d at 873.

In this case, Plaintiffs chose to include a federal claim for substantive due process. Plaintiffs could have omitted any reference to such a claim. Thus, the Court finds that Plaintiffs have asserted a claim under federal law which permits removal.

It is therefore **ORDERED** that Plaintiffs' Motion to Remand (Dkt. #9) is hereby **DENIED**.
**SIGNED this 27th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE